UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KING COUNTY,<br><br>               Plaintiff,<br><br>   v.<br><br>RYAN WAY LLC,<br><br>               Defendant. | CASE NO. 2:23-cv-00826-JHC<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

      Before the Court is pro se "movant"[1] Luu Dinh Le's notice of removal of this case from King County Superior Court in Washington state to federal district court in the Western District of Washington. Dkt. # 1. The Court has reviewed the notice of removal, which does not establish subject matter jurisdiction in this action.

      Federal courts are tribunals of limited subject matter jurisdiction. Charles A. Wright & Arthur R. Miller, *13 Federal Practice & Procedure* § 3522 (2023 ed.). The removal statute is strictly construed against removal jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). An action is removable only if it originally might have been

---

[1] It appears that there is some connection between movant and Defendant Ryan Way LLC. *See, e.g.*, Dkt. # 1-2 at 10 (listing that "Ryan Way LLC c/o Luu Dinh Le" requested a copy of the Notice of Sale for the property at issue).

ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION - 1

brought in federal court.  Wright & Miller, *supra*, § 3721.1.  In general, federal subject matter jurisdiction exists when a claim either (1) arises between citizens of different states when the amount in controversy exceeds $75,000, or (2) arises under the U.S. Constitution and laws of the United States.  *Id.* §§ 3722–23.  *See* 28 U.S.C. §§ 1331–32.  If a federal court determines that it lacks subject matter jurisdiction at any time, it must dismiss the action.  *See* Fed. R. Civ. P. 12(h)(3).  Although Luu Dinh Le is the movant, Defendant Ryan Way LLC bears the burden of proving that removal was proper.  *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

The assertions in the notice of removal are insufficient for the Court to determine whether it has jurisdiction over this action.  Movant contends that the Court has subject matter jurisdiction because "[t]here have been, and continue to be, violations against the civil and constitutional rights of this/these undersigned Plaintiff(s) in this cause, and which have not been duly protected."  Dkt. # 1 at 2.  But King County is the only Plaintiff.  *See* Dkt.  The notice of removal does not further describe the Court's basis for subject matter jurisdiction.  As for diversity jurisdiction, Movant does not submit evidence establishing Defendant's citizenship, thereby preventing the Court from evaluating this basis for subject matter jurisdiction.

Federal question jurisdiction requires that at least one claim "arise[e] under" federal law.  28 U.S.C. § 1331.  A claim "arises under" federal law if (1) the plaintiff pleads a cause of action created by federal law, or (2) the plaintiff's right to relief depends on resolution of a "substantial question[] of federal law."  *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  These conditions do not appear to be met.  This is an action brought under a Revised Code of Washington provision titled "[a]ction to determine conflicting claims to property."  RCW 4.08.160.  *See* Dkt. # 1-1 at 1.  This action is not based on federal law, nor is it apparent that Plaintiff's right to relief depends on resolution of a substantial question of federal law (or any question of federal law).

ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION - 2

The Court therefore ORDERS Defendant to show cause why this case should not be remanded to King County Superior Court for lack of subject matter jurisdiction. Defendant must file a submission by no later than 5:00 p.m. on June 23, 2023. If the Court does not receive a response providing a basis for its exercise of subject matter jurisdiction by that date, the case will be remanded to King County Superior Court.

Dated this 16th day of June, 2023.

*John H. Chun*
John H. Chun
United States District Judge

ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION - 3